IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| CAPITOL SPECIALTY INSURANCE CORPORATION,<br>　　Plaintiff,<br><br>v.<br><br>RVOS FARM MUTUAL INSURANCE COMPANY,<br>　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 6:21-CV-00889 |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

1.　　Plaintiff Capitol Specialty Insurance Corporation ("CSIC") petitions this Court pursuant to the Declaratory Judgments Act, 28 U.S.C. Section 2201, Texas Civil Practice and Remedies Code Section 37.001, *et seq*. and Federal Rule of Civil Procedure 57, for construction of an insurance policy and declarations regarding the parties' rights and obligations under the policy with respect to an underlying claim and lawsuit against defendant RVOS Farm Mutual Insurance Company ("RVOS").

**I.
INTRODUCTION**

2.　　Plaintiff CSIC is a Wisconsin corporation with its principal place of business in Middleton, Wisconsin. CSIC affirmatively pleads that the parties are citizens of different states for removal under 28 U.S.C. Section 1332(a).

3.　　Defendant RVOS is a corporation with its principal place of business in Temple, Texas. RVOS can be served with process by serving its President Wiley Shockley, or any acting officer of RVOS, at 2301 South 37th Street, Temple, Texas, 76504.

4.      The amount in controversy exceeds $75,000, exclusive of interest and costs. The parties to this lawsuit are of different states. Therefore, this Court has jurisdiction over the lawsuit under 28 U.S.C. Section 1332. Venue is proper in the Western District of Texas, Waco Division, pursuant to 28 U.S.C. Section 1391 (b)(2) because the insurance policy made the subject of the declaratory relief sought in this lawsuit was issued to the defendant in Temple, Bell County, Texas.

## II.
## THE CSIC POLICY

5.      CSIC issued to RVOS Insurance Company Professional Liability Policy number IC20140403-07 effective from May 3, 2020 to May 3, 2021 (the "CSIC Policy) with liability limits of $2 million each claim and in the aggregate.  A copy of the CSIC Policy is attached as Exhibit A.

6.      The CSIC Policy is a claims-made and reported policy.  The CSIC Policy provides no duty to defend any "claim" against an "insured" and provides indemnity coverage for covered claims in excess of a $250,000 per claim deductible.

7.      In relevant part, the insuring agreement to the CSIC Policy states that CSIC will pay on behalf of an "insured" those sums in excess of the Deductible and up to the applicable Limit of Liability specified in the Declarations, that an "insured" becomes legally obligated to pay as "loss" in connection with a "claim" resulting from a "wrongful act" arising out of "professional services" provided by or on behalf of any "insured."

8.      "Professional services" means "services performed by any 'insured' for a policy holder, customer or client of the "insured" for monetary considerations relating to a policy of insurance."  "Professional services" includes "services rendered or required to be rendered in the conduct of the "insured's" claims handling and adjusting…"

9. "Wrongful act" means "any act, error, or omission of an 'insured' in the rendering of or failure to render 'professional services' for others…"

10. The exclusions section to the CSIC Policy states that CSIC "is not liable for 'loss' in connection with any 'claim' based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving any actual or alleged:…'bodily injury' or 'property damage.'" "Bodily injury" means "physical injury, sickness, disease or death of any person, as well as mental anguish, mental injury, emotional distress, shock or fright resulting in or from physical injury, sickness, disease or death of any person."

11. The "bodily injury" exclusion does not apply "to the extent that the 'first named insured' or any 'subsidiary' has rendered or is required to render 'professional services' in connection with a policy of insurance providing coverage for such exposures."

## III.
### THE UNDERLYING CLAIM AND LAWSUIT

12. On April 9, 2021, CSIC first received notice of a pre-suit claim against RVOS by Javier and Guadalupe Flores. According to a March 29, 2021 demand letter on behalf of the Floreses, the Floreses purchased property insurance from RVOS under policy number RV21929002 "to cover losses to their home." On or about June 9, 2019, a windstorm allegedly damaged their home and created an opening in their roof. The Floreses contend they reported the loss to RVOS, which assigned field adjuster Brian Poole to inspect the damage.

13. According to the demand letter, on June 14, 2021, Poole climbed on the roof while inspecting the property and removed a tarp. He allegedly failed to replace the tarp. After the inspection, Javier Flores noticed dark clouds and climbed onto the roof to replace the tarp. He fell from the roof and allegedly suffered serious injuries. The Floreses demanded $1,008,360.04 from

RVOS, including $258,360.04 for Javier Flores' medical bills. A copy of the demand letter is attached as Exhibit B.

14. On June 9, 2021, the Floreses sued RVOS, Poole and Compass Adjusting Services (the "*Flores* Lawsuit"). The facts alleged in the plaintiffs' petition are substantially the same as those in the demand letter and include allegations that the Floreses purchased property insurance from RVOS to cover losses to their home, and that Poole failed to replace the tarp. A copy of the plaintiffs' original petition is attached as Exhibit C.

## IV.
### COVERAGE DISPUTE

15. RVOS tendered the demand letter to CSIC on April 9, 2021. CSIC denied coverage to RVOS by letter dated May 18, 2021. According to CSIC's letter, no coverage is afforded for "loss" resulting from a "wrongful act" that does not arise out of "professional services."

16. CSIC also advised that the "bodily injury" exclusion precludes coverage because the Flores seek damages stemming from injuries allegedly sustained when Javier Flores fell off his roof.

17. The exception to the "bodily injury" exclusion does not apply because any "professional services" rendered in connection with RVOS' property policy issued to the Floreses did not provide coverage for such exposure made the basis of Javier Flores' "bodily injury" claim. In this regard, the demand letter and the petition clearly identify the RVOS policy issued to the Floreses is a "property policy" and not a policy providing coverage for an insured's first-party "bodily injury" claim.

## V.
### DECLARATORY RELIEF

18. CSIC seeks a declaration that it owes no obligation to provide coverage to RVOS for the *Flores* Lawsuit.

19. In particular, CSIC seeks a declaration that the CSIC Policy does not provide for a duty to defend because the CSIC Policy expressly states that CSIC owes no duty to defend.

20. CSIC also seeks a declaration that the CSIC Policy does not provide coverage to RVOS for the *Flores* Lawsuit because Flores' injuries allegedly were caused by Poole's ordinary negligence in failing to replace a tarp, which is not a "professional service."

21. CSIC also seeks a declaration that the CSIC Policy does not provide coverage to RVOS for the *Flores* Lawsuit because the "bodily injury" exclusion applies and the exception to that exclusion does not apply.

22. Even though the CSIC Policy states CSIC owes no duty to defend, the additional coverage defenses identified above (*i.e.*, no "professional service" and excluded by the "bodily injury exclusion") would preclude a duty to reimburse defense costs. Thus, CSIC seeks a declaration that these additional coverage defenses also preclude a duty to indemnify for the same reasons they preclude a duty to defend.

## PRAYER

23. WHEREFORE, PREMISES CONSIDERED, plaintiff respectfully requests the Court to:

   (1) Declare that the CSIC Policy does not provide coverage to the defendant with respect to the *Flores* Lawsuit; and

   (2) Grant such other and further relief to which the plaintiff may be entitled.

Respectfully submitted,

*Ellen Van Meir*

Ellen Van Meir
State Bar No. 00794164
evanmeir@nicolaidesllp.com
Mariah B. Quiroz
State Bar No. 24031714
mquiroz@nicolaidesllp.com

NICOLAIDES, FINK THORPE, MICHAELIDES & SULLIVAN, LLP
2501 North Harwood Street, Suite 1210
Dallas, TX 75201
(469) 290-9040
(469) 290-9041 – FAX

**COUNSEL FOR PLAINTIFF CAPITOL SPECIALTY INSURANCE CORPORATION**